IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARILYN ENGLISH
            Plaintiff,

v.                                              CIVIL ACTION NO. 2:22-CV-00540
                                                Honorable Thomas E. Johnston

ELLEN HEINE,
GREGORY KNORR, and
KEVIN KEANE,

            Defendants.


### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Pursuant the provisions of 28 U.S.C. § 1447, the Plaintiff, Marilyn English, a Protected Person, by and through her counsel, Jennifer N. Taylor, and the West Virginia Department of Health and Human Resources, as Guardian of Marilyn English, a Protected Person, move this Honorable Court to **REMAND** this matter back to the Magistrate Court of Kanawha County, West Virginia. In support of her Motion, the Plaintiff represents as follows:

### FACTS

The Plaintiff, Marilyn English is a resident of New Jersey, who also has a home and residence in Maine. Upon information and belief, she was befriended and made subject to the influence of the Defendants, Ellen Heine ("Heine") and Gregory Knorr ("Knorr"), who reside in New Jersey, and Kevin Keane ("Keane"), who resides in Maine. At one point Defendants Heine and/or Knorr moved into the home of the Plaintiff in Verona, New Jersey.

1

On or about September 9, 2022, Heine transported Ms. English from Verona, New Jersey, to Charleston, West Virginia. New Jersey Police, acting on a missing person report and suspicions of kidnapping, traced Ms. English and Heine to Charleston, Kanawha County, West Virginia. The New Jersey police alerted the Charleston Police Department, who found Ms. English in the company of Heine, confused and disoriented. The Charleston Police Department transported Ms. Heine to Charleston Area Medical Center ("CAMC").

On September 13, 2022, CAMC filed a petition in the Circuit Court of Kanawha County, West Virginia, seeking the appointment of a guardian and conservator, Case No. 2022-G-70. CAMC stated in its Petition that Marilyn English was a patient at the hospital, was lacking in capacity, and was in danger of physical harm and abduction by one or more of the Defendants.[1]

The Circuit Court appointed attorney Jennifer N. Taylor as counsel for Marilyn English by order entered September 13, 2022. The Circuit Court assigned the matter to Commissioner Ashlee Hunter, who conducted an emergency hearing on the Petition on September 19, 2022. By order entered  September 23, 2022, the Circuit Court declared Marilyn English to be a Protected Person as defined by the provisions of W.Va. Code § 44A-1-1, *et seq.*; appointed the West Virginia Department of Health and Human Resources ("DHHR") as Guardian of Marilyn English; and appointed the Kanawha County Sheriff as Conservator.

On September 22, 2022, prior to the entry of the above-noted order, Jennifer N. Taylor, as court-appointed Attorney and Next Friend of Marilyn English, filed three Petitions for Personal Safety Orders in the Magistrate Court of Kanawha County, West Virginia, to-wit,

---

[1] Guardianship proceedings are confidential. Therefore, the Plaintiff cannot include any orders, transcripts, or other evidence submitted at the hearings as exhibits to this Memorandum.

*English v. Gregory Knorr*, Case No. 22-M20S-00477; *English v. Kevin Keane*, Case No. 22-M20S-00478; and *English v. Ellen Heine*, Case No. 22-M20S-00479. Copies of said Petitions are attached hereto and made a part hereof and marked collectively as Exhibit No. 1. [2]

Upon information and belief, at the time of the filing of the Petitions for Personal Safety Orders the Defendants Gregory Knorr and Ellen Heine had moved into the Plaintiff's New Jersey home, but were temporarily residing in Charleston, Kanawha County, West Virginia while attempting to visit Marilyn English at CAMC. Knorr and Heine continuously attempted to visit Ms. English and remove her from the hospital. All three of the Defendants continuously called, harassed, and/or threatened the staff and even legal counsel for CAMC in their attempts to reach the Plaintiff.

The allegations in the Petitions for Personal Safety Orders included elder abuse, financial exploitation, and kidnapping, and stated that Plaintiff Marilyn English and hospital staff had been subjected to threats, harassment, and other aggressive actions by the Defendants. The Petition against Heine, for example, states:

> Ellen Heine and others have been aggressively seeking access to Marilyn English, a mentally incapacitated adult and a Protected Person. She took Ms. English from her home in Milbridge, ME, and traveled to Verona, JN, and then to Charleston, WV. Ms. English has dementia, has no memory of agreeing to the transfer, and believes she is still in NJ. Heine and others have liquidated her bank assets, sold household goods, and have her car. They have been belligerent and aggressive with CAMC staff and continue to demand her release.

---

[2] On September 22, 2022, counsel for the Plaintiff also filed in the Magistrate Court of Kanawha County, West Virginia, a Petition for Financial Exploitation Protective Order against Keven Keane, Case No. 22-AF-10. By order entered October 3, 2022, the Circuit Court of Kanawha County granted an Order of Protection against the Defendant Keane. On October 24, 2022, Keane, *pro se,* file a Notice of Appeal with the Intermediate Court of Appeals of West Virginia, Case No. 22-ICA-189.Copies of the Order of Protection and Notice of Appeal are attached hereto and made a part hereof and marked collectively as Exhibit No. 2.

Heine Petition, Exhibit No. 1. The Petition further states that police in New Jersey believed Ms. English to be the victim of kidnapping, fraud, financial exploitation, elder abuse and other charges. They also provided information that Ms. English feared for her safety and had reached out for assistance prior to her disappearance.

      The only relief sought by the Plaintiff was to refrain the Defendants from contacting or harassing Marilyn English. None of the Petitions demanded or sought monetary relief in any form.

      The Magistrate Court of Kanawha County issued Temporary Personal Safety Orders in each case. Copies of said orders are attached hereto and made a part hereof and marked collectively as Exhibit No. 3. None of the Orders granting the Petitions awarded any form of monetary relief or compensation. The Temporary Personal Safety Orders merely prohibited the Defendants from making threats of bodily injury; from contacting, attempting to contract or harass the Plaintiff, directly or through third parties; and from entering the residence of the Plaintiff. The Orders further directed the Defendants to stay away from the residence of the Plaintiff, which, at the time, was CAMC.

      The Magistrate Court of Kanawha County served the Defendants with the Temporary Personal Safety Orders by certified mail at their last known addresses.

      On September 28, 2022, and again on October 13, 2022, counsel for Marilyn English moved to continue the hearings in Magistrate Court on the Personal Safety Orders, both of which were granted. Counsel for the Plaintiff also submitted witness and exhibit lists, and provided the Defendants with copies of all pleadings on October 7, 2022, in response to written

requests from Heine. Copies of said pleadings and correspondence are attached hereto and made a part hereof and marked collectively as Exhibit No. 4.

On October 19, 2022, Defendant Heine, *pro se*, moved to "remand" Case No. 22-M20S-00479 to the Circuit Court of Kanawha County. A copy of the motion to remand is attached hereto and made a part hereof and is marked as Exhibit No. 5. On November 8, 2022, counsel for Marilyn English filed a response to the motion to remand, stating the Plaintiff had no objection to the removal of the Personal Safety Order cases to the Circuit Court of Kanawha County. A copy of said Response is attached hereto and made a part hereof and is marked as Exhibit No. 6. On November 15, 2022, Ellen Heine filed a "Reply to Petitioner's Response to Motion to Remand." A copy of said Reply is attached hereto and made a part hereof and is marked as Exhibit No. 7.[3] There has been no order entered removing the Magistrate Court cases to the Circuit Court of Kanawha County. As such, each case remains pending in the Magistrate Court of Kanawha County.

On October 25, 2022, Defendant Heine, on behalf of herself and two other persons, filed a pleading in the guardianship action that purported to be a notice of a motion to be considered for the position of co-guardian for Marilyn English. A copy of said notice is attached hereto and made a part hereof and is marked as Exhibit No. 8. In said notice, Defendant Heine noted that she owns homes in West Virginia. Neither Heine nor any of the other parties are

---

[3] Along with the Notice of Removal, Defendant Heine included a document entitled "Respondent, Ellen Heine's Response to Petitioner's Complaint for a Personal Safety Order, and Emergent Motion to Dissolve Restraints on Short Notice" that she purportedly filed in Magistrate Court on November 15, 2022. Although counsel for the Plaintiff received by fax the Response to Motion to Remand twice that day, she did not receive the aforesaid Response to Petitioner's Complaint.

relatives of Marilyn English or persons entitled to participate in a guardianship matter pursuant to the provisions of *W.Va. Code §* 44A-1-1, *et seq.,* or *W.Va. Code §* 44A-3-17.

On November 28, 2022, Defendant Heine filed a "Notice of Removal of Civil Action" in the United States District Court for the Southern District of West Virginia, seeking to remove the Magistrate Court proceedings for all three Defendants to a federal forum. Defendant Heine, who is not an attorney, filed the Notice on behalf of herself and Defendants Knorr and Keane. The Defendant also included several exhibits with her Notice, most of which are not relevant, are not a part of the record below, and should not be considered by this Court.

The Plaintiff, by her counsel and through her Guardian, the West Virginia DHHR, have contemporaneously filed a Motion to Remand, requesting this Honorable Court to remand this case back to Magistrate Court. The Plaintiff and the DHHR hereby submit this Memorandum of Law in support of their Motion.

**ARGUMENT**

The Defendants have not met the basic requirements of removing a Magistrate Court personal safety order proceeding to federal court. They have not established that there is a federal question and have not shown any claim in excess of the minimal jurisdictional requirements. Moreover, the Notice of Removal was not timely filed as required by 28 U.S.C. §1446, and was improperly filed by a *pro se* litigant on behalf of herself and other Defendants, thereby practicing law without a license.

"Removal to federal court is appropriate only if the federal court would possess original jurisdiction over the case." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal from state court to federal court is governed by 28 U.S.C. § 1441 which provides, in relevant part,

that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441. The district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1) (emphasis added); *West Virginia ex rel. McGraw v. Minnesota Mining*, 354 F.Supp.2d 660 (S.D. W.Va. 2005). Both requirements of the statute must be satisfied before jurisdiction can be established.

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). There is no federal jurisdiction if the removal petition is not filed within thirty days of the receipt of the state complaint. *See, Reynolds Memorial Hosp., Inc. v. Vincent*, 991 F.2d 790 (4th Cir. 1992).

The burden of establishing federal subject matter jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994); *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir.2005); *Hoschar v. Appalachian Power Co.,* 739 F.3d 163 (4th Cir. 2014); *Bloom v. Library Corp.*, 112 F. Supp. 3d 498 (N.D. W.Va. 2015). The burden is squarely upon the removing party to demonstrate that removal to federal court is proper given the circumstances of the case. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

The filing of a notice of removal does not automatically create a presumption that a federal court has proper jurisdiction. *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir.1999). The party seeking removal has the burden of establishing the existence of federal jurisdiction by a preponderance of the evidence. *Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 726 (D.Md.2006); *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D.Va.2004); *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F.Supp.3d 544 (S.D. W.Va. 2015).

> The Fourth Circuit has held that "[w]hile a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only allege federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of demonstrating that removal jurisdiction is proper."

*Warner v. Town of Pineville,* Civil Action No. 5:13-cv-22204 (S.D. W.Va. 2013) (memorandum opinion); *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008); *Ellenburg v. Spartan Motor Chasis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

The removal statute should be strictly construed and all doubts resolved in favor of remand.  *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985).  As removal jurisdiction raises significant federalism concerns, federal courts must strictly construe each applicable statute. See, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If there is any doubt as to the propriety of removal, the case should **not** be removed. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Abels,* 770 F.2d at 29; *Brown v. Francis*, 75 F.3d 860 (3rd Cir. 1996).

With regard to the jurisdictional minimum requirements, the defendant must "furnish evidence in support of the statutory jurisdictional amount. '[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden.'" *Bailey v. SLM Corp.*, Civil Action No. 5:11-cv-00715 (S.D. W.Va. 2012) (memorandum opinion); *White*, 2009 WL 2762060 at *2. The amount in controversy is "what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 967, 2011 WL 5966349, (S.D. W.Va. 2011); *Med–Surg Grp., Inc. v. Aetna Health Mgmt., Inc.*, 832 F.Supp.2d 659 (S.D. W.Va. 2011).

**I.      There is No Federal Court Jurisdiction Over Magistrate Court Personal Safety Orders That Do Not Seek Monetary Damages.**

In the present matter, the Plaintiff filed petitions for personal safety orders in the Magistrate Court of Kanawha County seeking personal protection from Defendants Heine, Knopp, and Keane, who were trying to gain access to her at CAMC and physically remove her from the hospital. <u>The Plaintiff was not seeking any monetary compensation from the Defendants, and the orders that granted the safety orders did not grant any.</u>

Defendant Heine alleges that the amount in controversy exceeds $245,000, based on claims of loss or theft of bank accounts, personal property, and real estate. While the Petitions did mention those issues – which were later addressed in the Petition for Financial Exploitation filed against Keven Keane – they did not seek recovery of any of those assets. A request for a personal safety order is not the proper forum for obtaining monetary relief, or even a basis for ordering a defendant to return personal property. A personal safety order is just that – a request for safety. The Petitions filed in this matter merely sought to keep Marilyn English physically safe from the Defendants, and to prevent them from contacting her or removing her from the hospital.

There is not matter in controversy; there is no claim for even One Dollar; and there most certainly is no claim in excess of $75,000, as required by the provisions of 28 U.S.C. §1332. The Defendants do not cite to any legal authority otherwise entitling them to $245,000. The Defendants have not met the first requirement of the statute, and therefore have not satisfied the first element necessary to establish jurisdiction with this Court.

On the diversity issue, the Defendants appear to be citizens of different states, namely Maine and New Jersey. Defendant Heine does own real estate in West Virginia. However, the requirements of 28 U.S.C. §1332 are conjunctive, and require <u>both</u> an amount in controversy in excess of $75,000, AND a controversy between citizens of different state. Regardless of where they reside, the Defendants cannot meet both requirements.

## II.     The Notice of Removal Was Not Timely Filed

The provisions of 28 U.S.C. §1446(b) clearly state that a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

The initial Petitions for Personal Safety Orders were filed on September 22, 2022. The Magistrate Clerk served the Defendants by certified mail at their last known addresses and by e-mail. Even if the Defendants have not received service from the Magistrate Clerk, they did receive notice of the proceedings and orders "otherwise,: as evidenced by the various filings in multiple forums. For example:

- On September 28, 2022, and again on October 13, 2022, counsel for Marilyn English moved to continue the hearings in Magistrate Court and served all Defendants by e-mail and/or regular mail. Exhibit No. 4.

- On October 3, 2022, Heine sent a request to counsel for Plaintiff seeking copies of all pleadings in the matter. Exhibit No. 4.

- On October 4, 2022, counsel for the Plaintiff submitted witness and exhibit lists to all Defendants. Exhibit No. 4.

- On October 7, 2022, counsel for Plaintiff provided the Defendants with copies of all pleadings and exhibits. Exhibit No. 4.

- On October 19, 2022, Defendant Heine, pro se, moved to "remand" Case No. 22-M20S-00479 to the Circuit Court of Kanawha County. Exhibit No. 5.

- On November 8, 2022, counsel for Marilyn English filed a response to the motion to remand, stating the Plaintiff had no objection to the removal of the Personal Safety Order cases to the Circuit Court of Kanawha County and served each Defendant with the same. Exhibit No. 6.

- On November 15, 2022, Ellen Heine filed a "Reply to Petitioner's Response to Motion to Remand." Exhibit No. 7.

Even if the Magistrate Clerk's certified mail letters were not received or served, as alleged by the Defendants, the Defendants had knowledge of the Petitions and proceedings and have participated in the same. The Defendants had notice of the Petitions and Orders when the Plaintiff filed the motions to continue on September 28, 2022. Defendant Heine began filing pleadings in the matter on October 3, 2022, and filed the motion to remand on October 19, 2022. The Defendants clearly knew about the proceedings and even participated in the matters prior to that date.

The earliest date the Defendants knew or should have known about the proceedings in Magistrate Court is September 28, 2022, and thirty days therefrom is October 28, 2022. If the witness and exhibit list was the first the Defendants knew of the proceedings, then thirty days

from October 4, 2020, is November 3, 2022. Defendant Heine filed the motion to remand on October 19, 2022, and thirty days from that date is November 18, 2022.

The Defendants filed the Notice of Removal on November 28, 2022, which was far in excess of the thirty days provided by 28 U.S.C. §1446(b). The Notice was not timely, and the Plaintiff's Motion for Remand should be granted, and removal denied.

**III.    Defendant Ellen Heine Appears to be Practicing Law Without a License.**

Ellen Heine filed the Notice of Removal of Civil Action on behalf of herself and Defendants Gregory Knorr and Kevin Keane. Defendant Heine is not an attorney. The initial filing that reflects Heine appears *pro se.* Yet she states that she appears with "the consent" of Knorr and Keane, and makes legal arguments on their behalf. Defendant Heine should not be permitted to practice law without a license in federal court, in magistrate court, or in any court.

Plaintiff relies upon this Honorable Court to determine what action, if any, is required in this regard.

**CONCLUSION**

The burden is squarely upon the removing party to demonstrate that removal to federal court is proper in light of the circumstances of the case. The Defendants have not met the required burden. There is no federal question and no matter in controversy worth any amount of money, and especially not $75,000.

The jurisdictional statute requires the moving party to prove the amount in controversy AND complete diversity. The Defendants have failed to meet those requirements. The Defendants have not met their burden of showing that removal is proper under 28 U.S.C. Sections 1332, 1441, 1446, 1447 and other provisions of the United States Code. As such, this

Honorable Court has no subject matter jurisdiction over this case, and the Plaintiff's Motion to Remand should be **GRANTED**.

Moreover, the Defendants did not file the Notice of Removal in a timely manner as required by 28 U.S.C. §1446(b). Assuming the very last date on which they received notice of the proceedings in Magistrate Court was the date of the Motion to Remand on October 19, 2022, the Notice should have been filed no later than November 18, 2022.  The November 28, 2022, Notice was more than thirty days after the time when the Defendants obviously knew of the Magistrate Court proceedings.

WHEREFORE, for all the foregoing reasons, the Plaintiff, prays for the following relief:

1. Entry of an order granting the Motion for Remand and REMANDING this matter back to the Magistrate Court of Kanawha County, West Virginia;

2. An award to the Plaintiff for costs, attorney fees and expenses incurred as a result of the Defendants' removal efforts;

3. Sanctions against Defendant Ellen Heine for practicing law without a license; and

4. For such other and further relief as the Court deems reasonable and just under the circumstances.

**Respectfully submitted,**

**Marilyn English, Plaintiff**
**By Counsel**

/s/ Jennifer N. Taylor
Jennifer N. Taylor, WVSB ID# 4612
1118 Kanawha Boulevard, East
Charleston, WV 25301
Phone:  304-343-4050; Fax:  304-343-7450
jennifer@jtaylor-law.com
*Counsel for Marilyn English, a Protected Person*

13

/s/ Andrew T. Waight_____
Andrew T. Waight, WVSB ID#13276
Assistant Attorney General
West Virginia Department of Health and
Human Resources
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Phone 304.558.2131
Andrew.t.waight@wvago.gov
*Guardian for Marilyn English, a Protected Person*

**THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**MARILYN ENGLISH**
        **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 2:22-CV-00540**
                                      **Honorable Thomas E. Johnston**

**ELLEN HEINE,**
**GREGORY KNORR, and**
**KEVIN KEANE,**

        **Defendants.**

**CERTIFICATE OF SERVICE**

       I, Jennifer N. Taylor, counsel for the Plaintiff, Marilyn English, hereby certify that a true copy of the foregoing *"Plaintiff's Memorandum of Law in Support of Motion to Remand"* has been electronically filed on this the 16th day of December, 2022, and service has been made by virtue of such electronic filing upon Defendants as follows:

                        Ellen Heine
                        515 Van Bussum Avenue
                        Garfield, NJ 07026

                        Gregory Knorr
                        35 Washington Street
                        Milbridge, ME 04658

                        Kevin Keane
                        30 Washington Street
                        Milbridge, ME 04658

/s/ Jennifer N. Taylor
Jennifer N. Taylor, WVSB ID# 4612
1118 Kanawha Boulevard, East
Charleston, WV 25301
Phone:  304-343-4050; Fax:  304-343-7450
e-mail: jennifer@jtaylor-law.com
*Counsel for Plaintiff, Marilyn English*