IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARILYN ENGLISH,

                Plaintiff,

v.                                        CIVIL ACTION NO.  2:22-cv-00540

ELLEN HEINE, et al.,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Marilyn English's ("Petitioner") Motion to Remand. (ECF No. 4.)  By standing order filed in this case on November 29, 2022, (ECF No. 2), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").

Magistrate Judge Tinsley entered his PF&R on June 20, 2023, recommending this Court grant Petitioner's Motion to Remand.  (ECF No. 15.)  After no objections were filed, the Court adopted the PF&R and granted the Petitioner's motion to remand and awarded costs and actual expenses. (ECF No. 16.)  Thereafter, Respondents Kevin Keane ("Keane"), Ellen Heine ("Heine") and Gregory Knorr ("Knorr") (collectively "Respondents") filed motions seeking additional time to file objections, stating that they never received copies of the PF&R.  (*See* ECF Nos. 19, 20.) The Court granted the motion, and all Respondents timely filed objections.  (ECF Nos. 24, 33.) As such, this matter is ripe for adjudication.

For the reasons discussed herein, the Court **ADOPTS** the PF&R, (ECF No. 15), and **GRANTS** Petitioner's Motion to Remand, (ECF No. 4). Further, the Court **GRANTS** Petitioner's request for an award of costs and actual expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c) and **ORDERS** Petitioner to file a petition seeking said costs and expenses and providing supporting documentation for the amount requested.

## I. BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Judge Tinsley's PF&R, (ECF No. 15), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Respondents' objections.

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Respondents are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

B. *Removal and Subject Matter Jurisdiction*

An action filed in state court is subject to removal if a federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have limited jurisdiction and can hear only those cases "authorized by the Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The United States Code confers federal district courts with subject matter jurisdiction in only two ways: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists only where a plaintiff or petitioner raises an issue "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether federal question jurisdiction exists, courts look to whether "a federal question is presented on the face of the" initial pleading. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal question jurisdiction may also exist if "[a] state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996). Further, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar Inc.*, 482 U.S. at 393.

Federal courts have diversity jurisdiction over suits where the amount in controversy is over $75,000 and "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has long held diversity jurisdiction to "require *complete* diversity between all [petitioners]

3

and all [respondents]." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (emphasis added) (citing C*aterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Complete diversity, in turn, "mean[s] that the citizenship of every [petitioner] must be different from the citizenship of every [respondent]." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

If diversity of citizenship exists, a court must next look to "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). If an initial pleading "'does not allege a specific amount of damages, the removing [party] must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (second alteration in original) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)). To that end, a respondent's "notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief," 28 U.S.C. § 1446(c)(2)(A)(i), but this assertion must be supported by facts sufficient to establish the amount in controversy under the preponderance standard, *see Francis*, 709 F.3d at 367.

### III.    DISCUSSION

In his PF&R, Magistrate Judge Tinsley recommended that this case be remanded because the Court lacks subject matter jurisdiction. In their objections, Respondents assert numerous claims of error, most of which are irrelevant to the question of whether subject matter jurisdiction exists. Nevertheless, the Court has construed Respondents' objections liberally, and each is discussed below.

A. *Keane Objections*

1. <u>Relationship with Petitioner and Knowledge of the Facts Alleged in the Petition</u>

Keane dedicates a significant portion of his objections to describing the history and nature of his relationship with Petitioner and asserting his lack of involvement in her alleged kidnapping. (*See generally* ECF No. 24.) Relatedly, Keane seeks to distance himself from any association with his co-respondents, claiming he "does not know Heine or Knorr and had [sic] never met them." (*Id.* at 8.) However, this Court is not faced with the merits of Petitioner's claims nor of the Respondents' defenses. The only question before the Court is whether removal of this case to federal court is proper. Accordingly, to the extent Keane's objections are based on the Magistrate Judge's framing of his relationship to Petitioner or his factual knowledge of this case, his objections are **OVERRULED**.

2. <u>Federal Question Jurisdiction</u>

Keane states that "[he] has raised the Federal Question Jurisdiction." (ECF No. 24 at 5.) Even given a liberal construction, this amounts to nothing more than a general and conclusory objection that does not require *de novo* review. *Orpiano*, 687 F.2d at 47. Accordingly, this objection is **OVERRULED**.

3. <u>Petitioner Resides in Maine</u>

At multiple points, Keane states that he and the Petitioner live in Maine. (*Id.* at 1–3, 6.) Construed liberally, he appears to argue that the Magistrate Judge erred in finding that Respondents failed to meet their burden of showing that Petitioner is a citizen of West Virginia rather than New Jersey. (*See* ECF No. 15 at 12, 15–17.) Assuming Keane argues that Petitioner is *domiciled* in Maine, this fact would be sufficient to defeat diversity jurisdiction in this case. Thus, the facts as asserted in Keane's objection would not change the Magistrate Judge's analysis.

This Court would only have diversity jurisdiction over this case if none of the Respondents were citizens of the same state as Petitioner. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Citizenship, for the purposes of diversity jurisdiction refers to a party's state of domicile. *See, e.g.*, *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must . . . be domiciled within the State."). As discussed in the PF&R, domicile and residence are not the same thing. (ECF No. 15 at 14) ("[A] mere *resident* intends to reside in the place 'for the time being,' while a *domiciliary* 'has an intention to remain in the state indefinitely.'") (quoting *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017)).

Keane is a citizen of Maine, while Heine and Knorr are citizens of New Jersey. (*See* ECF No. 15 at 2, 15.) Therefore, diversity jurisdiction does not exist if Petitioner is a citizen of either Maine or New Jersey. Further, Keane makes no distinction as to whether Petitioner is a resident or citizen of Maine. The most charitable interpretation of Keane's objections is that Petitioner is domiciled in Maine. He presents no facts to suggest that Petitioner has made it her intention to stay in West Virginia indefinitely. Quite the opposite in fact. Keane states that Petitioner "is trapped in" and being "forced" to live in West Virginia. (ECF No. 24 at 6.). Such claims undermine any suggestion that Petitioner *intends* remain in the state indefinitely. In other words, Keane's own objections support a finding that Petitioner is not a citizen of West Virginia, and, thus, diversity of citizenship does not exist.

Accordingly, Keane's objections to this portion of the PF&R are **OVERRULED**.

4. <u>Amount in Controversy</u>

Next, Keane appears to argue that he has established the requisite amount in controversy because he listed Petitioner's Maine property for sale at a listing price of $239,000. (ECF No. 24 at 7.) The Magistrate Judge addressed this claim in his PF&R, finding that the temporary personal safety order petitions that Respondents removed to this Court do not involve the title to or the right to possess any property. (*See* ECF No. 15 at 18–20.) Likewise, the Petitioner has not sought any monetary relief in this action. Indeed, any property disputes between Keane and Petitioner were the subject of a separate and distinct financial exploitation case filed in the circuit court of Kanawha County West Virginia. *See* Cir. Ct. Kanawha Cnty. No. 22-AF-10 (hereinafter the "Financial Exploitation Case").[1] Because Keane has offered no other facts suggesting that the amount in controversy *this case* is more than $75,000, he has not met his burden of establishing federal jurisdiction. *Mulcahey*, 29 F.3d at 151.

Accordingly, Keane's objections to this portion of the PF&R are **OVERRULED**.

5. <u>Reasonable Basis for Removal and Attorney's Fees</u>

Finally, Keane seems to argue that he should not be liable for attorney's fees because his alleged romantic relationship with Petitioner, which he says includes acting as her "durable power of attorney and medical proxy," serves as a reasonable basis for removal. (ECF No. 24 at 9–10.) The Magistrate Judge, on the other hand, found that Respondents lacked an objectively reasonable basis for removing this case to federal court, and expressed "concern[] that Respondents, led by Heine, acted in bad faith in invoking this Court's jurisdiction, knowing that they lacked an

---

[1] The Court notes that Keane's "Notice of Removal of Civil Action" alleges that a $6,400 bank withdrawal by Petitioner is also in dispute. (ECF No. 8 at 1.) However, as previously noted, this money is personal property that is the subject of the Financial Exploitation Case. As such, it has no relevance to determining whether diversity jurisdiction exists in this case.

7

objectively reasonable basis to do so." (ECF No. 15 at 23.)  Indeed, Keane's objections fall well short of describing any reasonable basis for removal.

Absent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, "fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  Further, the fact that the removing party is a *pro se* litigant does not prevent the court from imposing sanctions. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913–14 (6th Cir. 2007); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

Here, Keane filed a notice of removal claiming that "Plaintiff's attorney represents that Plaintiff is a resident of WV." (ECF No. 8 at 1.)  In his objections, though, Keane makes several references to Petitioner living in Maine, (ECF No. 24 at 1–3, 6.) and another reference to "expecting her to be in New Jersey," (*id.* at 7).  Further, as discussed above, he even claims she is "trapped" and being "forced" to reside in West Virginia. (ECF No. 24 at 6.)  None of these statements are consistent with Petitioner being a citizen of West Virginia.  Because Keane's own objections demonstrate his awareness that Petitioner is not a citizen of West Virginia, it is clear that he lacked an objectively reasonable basis for removing this case to federal court.

Accordingly, Keane's objections to this portion of the PF&R are **OVERRULED.**

B. *Heine and Knorr Objections*

As a threshold matter, Heine and Knorr's objections largely fail to identify any portion of the PF&R to which they are objecting or identify any specific error therein. (*See generally* ECF No. 33.)  Instead, their objections primarily discuss the merits of the underlying case and not the jurisdictional question currently before the Court. (*See id.* at 1, 3.)  When Heine and Knorr do

address jurisdictional issues, their arguments are general and conclusory without any apparent relationship to the Magistrate Judge's findings or recommendations. Nevertheless, the Court has given the objections a liberal construction, and addresses each below.[2]

    1. Request for Affidavit

Heine and Knorr argue that Petitioner and her attorney assert unsubstantiated facts in this case and the related Financial Exploitation Case—a case in which neither Heine nor Knorr are parties. (*Id.* at 1.) However, this "objection" does not point to any portion of the PF&R to which they are objecting, nor does it identify an alleged error with specificity. (*See id.*) Accordingly, this is not an objection to the PF&R that is entitled to *de novo* review by this Court. *Thomas*, 474 U.S. at 150. Therefore, this portion of Heine and Knorr's objections to the PF&R is **OVERRULED**.

    2. Federal Question Jurisdiction

Next, Heine and Knorr appear to argue that federal question jurisdiction exists because the facts underlying this case involve the alleged kidnapping of Petitioner across interstate lines. (*See* ECF No. 33 at 2.) This argument relies on a fundamental mischaracterization of federal question jurisdiction. Specifically, Heine and Knorr seem to argue that because they could *potentially* be subject to a federal prosecution for kidnapping under 18 U.S.C. § 1201, a question of federal law exists that justifies removal to federal court. (*See id.*)

Not so. This case arose in the state courts of West Virginia because Petitioner was deemed a protected person under West Virginia Code § 44A-1-1, et seq. As such, her guardian—the state

---

[2] Heine and Knorr discuss their disabilities at multiple times throughout their objections. (ECF No. 33 at 1, 7.) However, these facts are wholly unrelated to whether this Court has jurisdiction over this matter. Accordingly, any objections based on their alleged disabilities are **OVERRULED**.

9

of West Virginia—had authority under state law to file a petition for a personal protective order against Respondents. *See* W. Va. Code § 53-8-3. When "state law creates the cause of action, as in the instant case . . . . federal question jurisdiction depends on whether the [petitioner]'s demand 'necessarily depends on resolution of a substantial question of federal law.'" *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 28 (1983)). Other than a vague reference to kidnapping across state lines, Heine and Knorr have not pointed to any question of federal law that arises in this case, let alone a *substantial* one.

Accordingly, their objections to the PF&R's finding that this Court lacks federal question jurisdiction is **OVERRULED**.

3. Diversity and Amount in Controversy

Like Keane, Heine and Knorr also argue that this Court has diversity jurisdiction over this case. (ECF No. 33 at 3–5.) To this end, Heine and Knorr first argue that West Virginia has "created diversity by holding Petitioner in WV even though she has no connection to the state either through property, assets or any connection through family or friends." (*Id.* at 3.) Not only does this objection not point to a specific error in the PF&R, it makes no mention of Petitioner's state of *citizenship*. The Magistrate Judge found that Respondents failed to meet their burden of proof that Petitioner is a citizen of West Virginia. (*See* ECF No. 15 at 12, 15–17.) Outside of a conclusory allegation that diversity jurisdiction exists, Heine and Knorr's objections do not present any facts seeking to establish Petitioner's state of citizenship.

Heine and Knorr further claim that the amount in controversy in this case will "amount to far more money than the federal case threshold of $75000" once the cost of legal representation in related criminal and civil allegations is considered. (ECF No. 33 at 4–5.) However, a removing

10

party cannot simply allege that the value of claims in the case being removed—let alone the expenses associated with *other* cases—exceeds the amount in controversy requirement. A party must offer evidence showing that "'an estimate of the amount that will be put *at issue in the course of the litigation*.'" *Scott*, 865 F.3d at 196 (emphasis added) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In other words, the evidence must show that "it is more likely than not that a fact finder might legally conclude that *damages* will exceed the jurisdictional amount." *Id.* (emphasis added). Additionally, attorney's fees, even those exclusively relating to the case actually subject to removal, are generally not included in the amount in controversy calculation. *Francis*, 709 F.3d at 368 (noting only two exceptions to this rule: where attorney's fees are provided for by contract or statute).

Here, Heine and Knorr present no evidence regarding the amount in controversy and only offer speculation about the aggregate cost of legal representation in other cases that may or may not exist. Further, any costs arising from those prospective cases are not damages at issue in the course this litigation, and, consequently, are not relevant to determining the amount in controversy. *See Scott*, 865 F.3d at 196. Accordingly, Respondents have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, *Francis*, 709 F.3d at 367, and their objections to this portion of the PF&R are **OVERRULED**.

    4. <u>Judicial Notice of Medicaid Fraud</u>

Heine and Knorr go on to ask the Court to take judicial notice that the "facts in the PSO's are mostly incorrect" and the West Virginia Department of Health and Human Resources is "adding [Petitioner] to patient census for the purpose of enriching the system by inflating medical expenses to fuel Medicaid fraud." (ECF No. 33 at 3.) This objection fails to identify any alleged

error in the PF&R. Instead, it attacks the merits of the Petitioner's case and not the jurisdiction of this Court.

Accordingly, this objection is not entitled to *de novo* review. *Thomas*, 474 U.S. at 150. Therefore, this portion of Heine and Knorr's objections to the PF&R is **OVERRULED**.

5. Due Process

Heine and Knorr also make a vague reference to the Fourteenth Amendment's due process protections, claiming that "this case must remain in the District Court so that there is a preservation of" their due process rights. (ECF No. 33 at 3.) This general and conclusory objection does not warrant *de novo* review. *Orpiano*, 687 F.2d at 47. Accordingly, this portion of Heine and Knorr's objections to the PF&R is **OVERRULED**.

6. State Jurisdiction

Heine and Knorr also argue that "West Virginia is attempting to exert improper jurisdiction over Kevin Keane and the other Respondents." (ECF No. 33 at 6.) Similarly, they question whether the West Virginia courts have subject matter jurisdiction or personal jurisdiction over the Respondents. (*Id.* at 7.) However, the question before this Court is not whether West Virginia courts may properly exercise jurisdiction over this case and the parties involved. Rather, this Court is tasked with determining if this case may properly be heard in federal district court. As such, Heine and Knorr's objection does not relate to any specific findings of fact or conclusions of law in the PF&R that would warrant *de novo* review. Accordingly, this portion of Heine and Knorr's objections to the PF&R is **OVERRULED**.

7. <u>Forum Conveniens</u>

Heine and Knorr also argue that "[t]he Federal court is the 'Forum Conveniens' because Respondents all reside out of the State of West Virginia and travel to the state for this litigation is impossible because of their disabilities." (ECF No. 33 at 7.) It is unclear what portion of the PF&R, if any, this "objection" addresses. Thus, this objection does not warrant *de novo* review. *Orpiano*, 687 F.2d at 47. Further, the doctrine of forum *non* conveniens is inapplicable here because this Court does not have subject matter jurisdiction over this case. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("The principle of forum non conveniens is simply that a court may *resist imposition upon its jurisdiction even when jurisdiction is authorized* by the letter of a general venue statute.") (emphasis added).

Accordingly, this portion of Heine and Knorr's objections to the PF&R is **OVERRULED**.

IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Respondents' objections, (ECF Nos. 24, 33), **ADOPTS** the Magistrate Judge's PF&R, (ECF No. 15), and **REMANDS** this case to the Magistrate Court of Kanawha County, West Virginia. Further, the Court **GRANTS** Petitioner's request for an award of costs and expenses pursuant to 28 U.S.C. § 1447(c) and **ORDERS** Petitioner to file a petition seeking said costs and expenses and providing supporting documentation for the amount requested within 14 days of the entry of this Order. The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 2, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE